NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted July 25, 2008*
Decided July 29, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | | |
|---|---|---|
| **No**. 07-3255 | | Petition for Review of an Order of the Board of Immigration Appeals. |
| DANIEL FONTUS,<br> *Petitioner*, | | |
| **v.** | | No. A73-033-399 |
| MICHAEL B. MUKASEY, Attorney General of the United States,<br> *Respondent*. | | |

**Order**

Four months after the Board of Immigration Appeals affirmed an order requiring Daniel Fontus's removal to his native Haiti, he filed a motion to reopen. The motion argued that Fontus would be persecuted should he return to Haiti, and that he therefore is entitled to asylum or withholding of removal. The Board denied this motion as untimely (the limit is three months). Although a motion may be submitted

---

 * After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

beyond three months if country conditions have deteriorated materially, the Board observed that Fontus does not argue that country conditions have changed since the time of the Board's initial decision or his hearing before an immigration judge.

Fontus argues in this court that the Board abused its discretion by denying his motion to reopen. Claims of abuse of discretion in dealing with motions to reopen are outside this court's jurisdiction. *Kucana v. Mukasey*, No. 07-1002 (7th Cir. July 7, 2008); *Li Fang Huang v. Mukasey*, No. 07-2961 (7th Cir. July 15, 2008).

Fontus also argues that the Board violated the due process clause by refusing to allow him to seek asylum. Constitutional contentions are within our jurisdiction. 8 U.S.C. §1252(a)(2)(D). But an opportunity for a hearing was provided. Fontus could have applied for asylum years ago: he entered the United States in 1993 but did not raise the possibility of asylum until 2007, after the order of removal had become final. No case holds that the Constitution requires the agency to entertain belated claims by aliens who had, but did not use, ample opportunity to seek asylum and withholding of removal. Fontus's constitutional argument is frivolous, nothing but the abuse-of-discretion argument with different verbiage.

The petition for review is denied to the extent it asserts that the Board violated the Constitution and otherwise is dismissed for lack of jurisdiction.